**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| Appeal of Glenn and Elouise Martin | } } } } } | Docket No. 54-4-03 Vtec |

Decision and Order on Motion for Summary Judgment

Appellants Glenn and Elouise Martin appealed from a decision of the Development Review Board (DRB) of the Town of Jericho, denying their application for a conditional use permit for single family dwellings on Lots 7, 16 & 19 of their commercial subdivision. Appellants are represented by Vincent A. Paradis, Esq.; and the Town is represented by Gregg H. Wilson, Esq. Interested persons Robert W. Abbey and John R. Burke entered their appearance on their own behalf, but did not participate in the briefing[1] of the motion for summary judgment.

The Town has moved for summary judgment that a 1999 decision denying approval for the residential use of these lots precludes their consideration for approval in the present proceeding. The following facts are undisputed unless otherwise noted.

In April of 1987 the then-Planning Commission of the Town of Jericho approved Appellants= 32-lot commercial subdivision in the Commercial/Light Industrial zoning district. In 1993 other lots in the subdivision were approved for residential use. In April of 1999 Appellants received conditional use approval for the single-family residential use of four lots in the subdivision (Lots 6, 9, 17 and 18) and were denied approval for single-family residential use of the three lots (Lots 7, 16 and 19) that are the subject of the present application. That decision stated no reasons for the denial of residential use of Lots 7, 16 or 19. That decision was not appealed and became final.

In January of 2003 Appellants again applied for conditional use approval for single-family residential uses on Lots 7, 16 and 19. The DRB denied the application stating that the application for residential use of these lots was denied in 1999, that there had been Ano change in zoning which would allow for reopening@ the April 1999 decision, and that the project A would not be in general harmony with the surrounding commercial uses and would detract from abutting properties as per section 301.4.3.2(b) and 301.4.3.4(a)@ of the zoning regulations. Appellants appealed this decision to this Court.

A second application for the same approval for the same property is generally precluded by 24 V.S.A. ' 4472 (exclusivity and finality of judgment), unless there has been a substantial change in conditions or other intervening considerations between the denial and the second request. Appellants argue that there has been such a substantial change of conditions in that several additional commercial uses in the area have since been converted to mixed residential and commercial uses.

Material facts are in dispute as to whether any changes in conditions since the 1999 denial of residential uses for these three lots justify the present consideration of residential uses for these three lots.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town= s Motion for Summary Judgment is DENIED as material facts are in dispute. We will hold a telephone conference on September 22, 2003 to discuss when to set this matter for a hearing on

the merits, and whether the hearing to consider whether there has been a change of conditions should be held and decided in advance of the hearing on the merits of the application.

Done at Barre, Vermont, this 8th day of September, 2003.

_____
Merideth Wright
Environmental Judge

---

Footnote

[1.] However, the attorneys should have provided these other parties with copies of their motion memoranda.